IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00726-D

| | |
|---|---|
| **Kelvin Broady,**<br><br>        Plaintiff,<br><br>v.<br><br>**International Paper Co.,**<br><br>        Defendant. | **Order** |

      This matter is before the court on a motion to compel filed by the Defendant, International Paper Company. D.E. 24. Plaintiff Kelvin Broady has filed no opposition to the motion to compel.

      The motion contends that Broady, has failed respond to International Paper's Second Set of Interrogatories and Requests for the Production of Documents propounded over four months ago. *Id*. International Paper has made several attempts to discuss the status of discovery with Broady. But Broady has not objected to the discovery nor requested additional time to respond. And he has failed supplemented his responses to the First Set of Interrogatories and Requests for the Production of Documents.

      The Federal Rules allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The rules provide several tools, including interrogatories and requests for production, to obtain discovery from other parties. *Id.* 33, 34.

      The Rules also allow a requesting party to move to compel if the responding party's discovery responses are incomplete or inadequate. R. Civ. P. 37(a). The party resisting or objecting to discovery "bears the burden of showing why [the motion to compel] should not be granted."

*Mainstreet Collection, Inc.* v. *Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). To meet this burden, the non-moving party "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Id.*

The Federal Rules also explain how to deal with a party that disregards a discovery request. To begin with, the Federal Rules allow a court to compel a party who "fails to respond to an interrogatory under Rule 33." *Id*. 37(a)(3)(B)(iii). And a court can compel a party who has failed "to produce documents . . . as requested under Rule 34" to produce those documents. *Id.* 37(a)(3)(B)(iv). While the court generally has discretion about the type of sanction to impose, it "must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure[.]" *Id.* 37(d)(3). The only exceptions to this mandatory rule arise when "the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.*

The court grants the motion to compel as to discovery responses (D.E. 24). It orders Broady to serve responses to International Paper's Second Set of Discovery Requests no later than Monday, March 31, 2025. Broady must also supplement his First Set of Discovery Responses as necessary. The court will defer ruling on International Paper's request for attorney's fees associated with the instant motion until after the parties' court-hosted settlement conference.

Dated: March 19, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge